UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK


PRINCE BARHPAGGA,
Petitioner,

v.

CHAD WOLF, Acting Director,
Buffalo Federal Detention Center;
MARKWAYNE MULLIN, Secretary,
Department of Homeland Security;
TODD LYONS, Acting Director,
U.S. Immigration and Customs Enforcement;
and MARCO RUBIO, Secretary of State,
Respondents.


Civil Action No. 6:26-cv-6455

A#: 240-159-785


**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**


## I.   INTRODUCTION

1.    Petitioner, Prince Barhpagga, a native and citizen of India, respectfully petitions this Court for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner has been held in immigration detention at the Buffalo Federal Detention Center in Batavia, New York, since November 20, 2025, nearly five months, without a meaningful, individualized bond hearing at which the government is required to justify his continued detention. His removal proceedings remain pending before the Board of Immigration Appeals ("BIA"), where his appeal was accepted for filing on April 13, 2026.

2.    Petitioner is an 18-year-old Sikh from Punjab, India, who fled credible political persecution at the hands of the Bharatiya Janata Party ("BJP") and Indian police, as well as

1

severe family abuse from which he had no protection. The Immigration Judge ("IJ") at the Batavia Immigration Court denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture on March 4, 2026, and Petitioner timely appealed to the BIA. His appeal raises substantial legal and factual questions that are likely to take many additional months to resolve.

3.      Petitioner's prolonged detention, which has already exceeded five months with no end in sight, violates his rights under the Due Process Clause of the Fifth Amendment to the United States Constitution. In the Second Circuit, prolonged civil immigration detention without an individualized bond hearing, at which the government bears the burden of proving by clear and convincing evidence that the detainee is a danger or a flight risk, violates due process. See Velasco Lopez v. Decker, 978 F.3d 842 (2d Cir. 2020). Petitioner respectfully requests that this Court order an individualized bond hearing before an Immigration Judge, at which the government must bear the burden of demonstrating by clear and convincing evidence that Petitioner's continued detention is justified.

## II.      PARTIES

4.      Petitioner Prince Barhpagga is a citizen and national of India, born on May 7, 2007, in Parowal, Punjab, India. He is currently detained at the Buffalo Federal Detention Center, 4250 Federal Drive, Batavia, New York 14020. His Alien Registration Number is A240-159-785.

5.      Respondent Chad Wolf (or the current Acting Director) is the Director of the Buffalo Federal Detention Center, the facility where Petitioner is currently confined, and is Petitioner's immediate custodian for purposes of 28 U.S.C. § 2241. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).

6.      Respondent Markwayne Mullin is the Secretary of the Department of Homeland Security ("DHS"), the agency responsible for immigration enforcement and Petitioner's detention.

7.      Respondent Todd Lyons is the Acting Director of U.S. Immigration and Customs Enforcement ("ICE"), the sub-agency of DHS responsible for Petitioner's detention and removal proceedings.

8.      Respondent Marco Rubio is the Secretary of State of the United States, named in his official capacity.

## III.     JURISDICTION AND VENUE

9.      This Court has jurisdiction pursuant to 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and the Suspension Clause of the United States Constitution, Art. I, § 9, cl. 2. This Court has jurisdiction to review constitutional challenges to the conditions and duration of Petitioner's immigration detention even where direct review of a final order of removal may lie in the Court of Appeals. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); *Demore v. Kim*, 538 U.S. 510 (2003).

10.     Venue is proper in the Western District of New York because Petitioner is physically detained in Batavia, New York, which is located within this judicial district. See 28 U.S.C. § 2241(d); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

11.     Although 8 U.S.C. § 1252(a)(5) divests district courts of jurisdiction to review final orders of removal, this Court retains jurisdiction to review constitutional claims relating to the duration and conditions of pre-removal civil detention. *See Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020). Petitioner's appeal before the BIA remains pending; no final order of removal has issued.

## IV.    STATEMENT OF FACTS

### A.  Petitioner's Background and Flight from Persecution

12.    Petitioner Prince Barhpagga was born on May 7, 2007, in Parowal, Punjab, India. He is an Indian citizen of the Sikh faith. He is currently 18 years of age.

13.    From a young age, Petitioner endured severe physical abuse and exploitation at the hands of his family members. His father is an alcoholic who provided neither emotional nor financial support. His mother, uncle, aunt, and cousins regularly beat him with hands, belts, and sticks, forced him into heavy labor, and pressured him to abandon his education in order to support the family financially. Petitioner suffered significant emotional and psychological trauma as a result of this sustained abuse.

14.    In June 2022, when Petitioner was approximately 15 years old, he became involved with the Shiromani Akali Dal (SADA) Party, a political organization that advocates for Sikh rights in India. He officially joined as a volunteer on November 15, 2022, and participated in meetings, distributed pamphlets, and spoke publicly about Sikh rights and the cause of Khalistan.

15.    Petitioner's political activities made him a target of members of the Bharatiya Janata Party (BJP) and Indian police. On January 17, 2023, two men in civilian clothes stopped Petitioner after a political meeting, slapped him, and warned him to stop supporting Khalistan, threatening to involve his family in false criminal cases. On June 21, 2023, police officers beat Petitioner with batons and threatened him with prosecution under the Unlawful Activities (Prevention) Act ("UAPA"), which carries a possible life sentence.

16.    On March 26, 2024, BJP members and police officers abducted Petitioner, detained him overnight at an unknown location, and subjected him to severe beatings and threats. Police

4

warned him he would "disappear" or face false UAPA charges if he continued his political activities. He was abandoned the following morning near a farmfield, injured and physically weakened. He required medical treatment and was hospitalized for two days.

17.     When Petitioner attempted to report the incident to police, officers refused to accept his complaint and expelled him from the station. His family blamed him for the attacks and continued to beat and threaten him, ultimately expelling him from the family home.

18.     On December 31, 2024, Petitioner attended a SADA Party event in Haryana, where police attacked attendees with water cannons and smoke bombs. Petitioner was forced to flee and hide at a relative's home for approximately one week.

19.     Fearing for his life, Petitioner left India on August 21, 2025, traveling to Canada on a valid Canadian student visa to attend Loyalist College of Applied Arts and Technology in Ontario. Due to severe financial hardship, he was unable to continue his studies in Canada.

**B. Petitioner's Apprehension and Detention**

20.     17.     On November 20, 2025, Petitioner entered the United States at an unknown location along the U.S.-Canada border after paying approximately $500 to be smuggled across. He was subsequently apprehended by ERO officers in Round Lake, New York, who were assisting HSI agents investigating a vehicle stop.

21.     ERO officers arrested Petitioner, citing his entry without inspection or parole. Petitioner was served with a Notice to Appear (Form I-862) charging him under INA § 212(a)(6)(A)(i) (alien present without admission or parole) and INA § 212(a)(7)(A)(i)(I) (immigrant without valid entry documents). He was transported to the ICE ERO Malta, New York suboffice and subsequently transferred to the Buffalo Federal Detention Center in Batavia, New York, where he has remained detained continuously since November 20, 2025.

22.    ICE determined that Petitioner would be detained without bond for the duration of his removal proceedings. Petitioner was never afforded a meaningful individualized bond hearing at which he could contest his detention and at which the government was required to justify his continued confinement.

**C.  Immigration Proceedings**

23.    Petitioner's removal proceedings were initiated before the Batavia Immigration Court before Immigration Judge Eric Schultz. Petitioner, filed an I-589 Application for Asylum and Withholding of Removal on or about January 7, 2026.

24.    In his asylum application, Petitioner claimed protection based on his political opinion and religion (Sikh faith), having suffered repeated persecution at the hands of BJP members and Indian police because of his involvement with the Shiromani Akali Dal Party and his advocacy for Sikh rights. Petitioner also sought protection under the Convention Against Torture.

25.    On March 4, 2026, Immigration Judge Schultz issued an oral decision denying all of Petitioner's applications for relief, including asylum, withholding of removal under INA § 241(b)(3), withholding under the Convention Against Torture, and deferral of removal under the Convention Against Torture. The IJ ordered Petitioner removed to India. DHS waived appeal; Petitioner reserved appeal.

26.    On April 8, 2026, Petitioner, timely filed a Notice of Appeal with the BIA. The BIA acknowledged receipt of the appeal on April 13, 2026. The BIA's adjudication of Petitioner's appeal is expected to take a minimum of several additional months, if not longer.

27.    Petitioner has no criminal history in the United States or any other country. He poses no risk of danger to the community. As a young Sikh man who fled credible and

6

documented persecution in India, has no criminal record, and has strong substantive claims pending before the BIA, Petitioner is not a flight risk.

28.    As of the filing of this Petition, Petitioner has been detained for approximately five months, since November 20, 2025. His detention will continue indefinitely while his BIA appeal remains pending, with no guaranteed end date.

## V.    LEGAL STANDARD

29.    A writ of habeas corpus may be granted when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus jurisdiction is available to challenge the legality of immigration detention, including the absence of a constitutionally adequate bond hearing. *See Zadvydas v. Davis*, 533 U.S. 678 (2001); *Demore v. Kim*, 538 U.S. 510 (2003).

30.    The Supreme Court held in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), that 8 U.S.C. § 1226(a) does not, as a matter of statutory construction, require periodic bond hearings. However, the Court expressly declined to rule on the constitutional question, remanding for the Ninth Circuit to consider whether the Constitution requires such hearings. Id. at 297.

31.    The Second Circuit subsequently held in Velasco Lopez v. Decker, 978 F.3d 842 (2d Cir. 2020), that prolonged immigration detention without an adequate bond hearing violates the Due Process Clause of the Fifth Amendment. When detention becomes "prolonged," the Due Process Clause requires an individualized bond hearing at which the government bears the burden of demonstrating by clear and convincing evidence that continued detention is justified on the grounds of danger or flight risk. Id. at 855-57.

32.    Courts in this Circuit have generally found that detention exceeding approximately six months may qualify as "prolonged" triggering due process protections, and that the

7

constitutionality of ongoing detention must be evaluated in light of the totality of circumstances, including the reasons for detention, the length of detention, and the likelihood of future detention. *See Velasco Lopez*, 978 F.3d at 854-55 (declining to establish a bright-line rule but finding fifteen-month detention unconstitutionally prolonged); *see also Banegas v. Decker*, No. 21-CV-417 (S.D.N.Y. Feb. 22, 2021) (joining the "overwhelming consensus" of courts that the government bears the burden at any Section 1226(a) bond hearing).

## VI. CLAIMS FOR RELIEF

### CLAIM ONE
### Violation of the Due Process Clause of the Fifth Amendment - Prolonged Detention Without an Individualized Bond Hearing

33. Petitioner realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

34. The Fifth Amendment's Due Process Clause prohibits the federal government from depriving any person of liberty without due process of law. U.S. Const. amend. V. Civil immigration detention, while permissible under appropriate circumstances, implicates the core liberty interest protected by the Due Process Clause. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

35. Petitioner has been detained since November 20, 2025. As of the filing of this petition, that detention has lasted approximately five months. His BIA appeal was accepted on April 13, 2026, and BIA proceedings typically span many additional months. It is thus reasonably foreseeable that Petitioner's total detention will substantially exceed six months, with the ultimate length entirely uncertain and dependent upon BIA and potentially further judicial review.

36.     Petitioner was detained without bond from the time of his arrest. He has never received an individualized bond hearing at which an impartial adjudicator required the government to justify his detention by clear and convincing evidence, demonstrating that he poses an unacceptable risk of danger or flight. This failure violates due process. *See Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020).

37.     Petitioner presents compelling factors demonstrating that his detention is not justified. He has no criminal history in the United States or India. He is an 18-year-old with no community ties in the United States who nonetheless has strong incentives to appear for proceedings: he has a pending BIA appeal asserting substantial claims of persecution, he has retained counsel, and he is eager to pursue his legal remedies. He poses no danger to the community whatsoever.

38.     The government cannot demonstrate by clear and convincing evidence that Petitioner is either a danger to the community or an unmanageable flight risk. Conditions of supervision, including check-ins, electronic monitoring, and/or bond, are adequate to ensure his appearance while permitting his release.

39.     Petitioner's continued detention without an adequate bond hearing violates his rights under the Due Process Clause of the Fifth Amendment to the United States Constitution. He is entitled to an individualized bond hearing before an Immigration Judge, at which the government must bear the burden of justifying his continued detention by clear and convincing evidence.

## CLAIM TWO
### Statutory Claim - Denial of Meaningful Bond Hearing Under 8 U.S.C. § 1226(a)

40.     Petitioner realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

41.     Petitioner's detention is governed by 8 U.S.C. § 1226(a), which provides that the Attorney General may arrest and detain an alien pending a decision on whether the alien is to be removed from the United States. Section 1226(a) further provides that the Attorney General may release the alien on bond or conditional parole during this period.

42.     To the extent that Petitioner was detained under § 1226(a), he is entitled to a bond hearing before an Immigration Judge at which he may seek release on bond. Even if periodic bond hearings are not statutorily required under *Jennings v. Rodriguez*, Petitioner is entitled to a meaningful initial bond hearing at which conditions of release are genuinely considered and the IJ has discretion to grant bond. Petitioner was never afforded such a hearing.

43.     To the extent that the government contends that Petitioner is subject to mandatory detention under § 1225(b)(2) as an applicant for admission, Petitioner disputes this characterization and contends that his prolonged pre-removal detention under any statutory authority is subject to constitutional constraints requiring an individualized bond hearing.

10

**PRAYER FOR RELIEF**

**WHEREFORE**, Petitioner Prince Barhpagga respectfully requests that this Court:

1) Grant this Petition for Writ of Habeas Corpus;

2) Order Respondents to provide Petitioner with an individualized bond hearing before an Immigration Judge within ten (10) days of this Court's Order, at which the government bears the burden of demonstrating by clear and convincing evidence that Petitioner's continued detention is justified on grounds of danger to the community or risk of flight;

3) In the alternative, order Petitioner's immediate release from custody on appropriate conditions of supervision, including but not limited to reasonable bond, check-in requirements, and/or electronic monitoring;

4) Issue a Temporary Restraining Order and/or Preliminary Injunction enjoining Respondents from removing Petitioner from the Western District of New York or from the United States pending resolution of this proceeding;

5) Award reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 2412 and the Equal Access to Justice Act; and

6) Grant such other and further relief as this Court deems just and proper.

Dated: April 21, 2026          **KAMBO LAW, PLLC**

         /s/ Rajan Kambo
         Rajan Kambo, Esq.
         366 N. Broadway, Suite 405
         Jericho, New York 11753
         Tel: (516) 345-4502
         raj@kambolaw.com
         *Motion for Pro Hac Vice Admission Forthcoming*

**GREGORY L. SILVERMAN, ESQ., PLLC**

By:     s/ Gregory L. Silverman
          118 Genesee St.
          Geneva, NY 14456
          Tel: (585) 480-6686
          greg@silverman-law.com

12

**<u>Verification by Someone Acting on Petitioner's Behalf Pursuant to 28 U.S.C. § 2242</u>**

I am submitting this verification on behalf of Petitioner because I am one of Petitioner's attorneys. I have discussed with Petitioner the events described in this Petition. On the basis of those discussions, I hereby verify that the statements made in this Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.


Date: April 21, 2026                                            */s/ Rajan Kambo*
                                                                Rajan Kambo, Esq.